IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 1, 2021

## NIGEL M. REID, II v. COLETTE JEAN WALLACE

**Appeal from the Circuit Court for Hamblen County**
**No. 21-OP-0008     Beth Boniface, Judge**
_____

**No. E2021-00181-COA-R3-CV**
_____

Following a hearing, the Circuit Court for Hamblen County ("trial court") entered an order of protection against Nigel Reid II ("Respondent" or "Cross-Petitioner") and in favor of Collette Jean Wallace ("Petitioner" or "Cross-Respondent").  Respondent appealed to this Court.  Because Respondent's brief fails to comply with Tennessee Rule of Appellate Procedure 27, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and CARMA DENNIS MCGEE, J., joined.

Nigel M. Reid, II, Pro se.

Colette Jean Wallace, Pro se.

## MEMORANDUM OPINION[1]

Respondent and Petitioner both sought orders of protection against one another in early January 2021; the allegations contained in both petitions seemed to arise from an incident that occurred at Petitioner's apartment on or about January 6, 2021.  The trial court

---

[1] Rule 10 of the Tennessee Court of Appeals Rules provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

granted ex-parte orders of protection for both parties, and a hearing was set for February 12, 2021. After the hearing, the trial court entered orders of protection against both parties, ordering them to stay away from one another. Both orders have an expiration date of February 12, 2022. The trial court noted that Respondent was not a credible witness. Respondent filed a timely notice of appeal to this Court.

We note that Respondent is proceeding in this appeal, as he did in the trial court, pro se. While it is well within Respondent's rights to do so, "pro se litigants must comply with the same standards to which lawyers must adhere." *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As we have previously explained:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Id.* at 926–27 (quoting *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011)).

Unfortunately, we cannot proceed with the present appeal because Respondent has failed to comply with the procedural rules applicable to this Court. Regarding briefs, the Tennessee Rules of Appellate Procedure provide that an appellant's brief shall contain:

> (1) A table of contents, with references to the pages in the brief;
>
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
>
> (3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
>
> (4) A statement of the issues presented for review;
>
> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27.

As best we can discern,[2] Respondent's brief contains none of the foregoing requirements. Rather, the majority of the brief appears to be a handwritten reproduction of the documents contained in the technical record, interspersed with commentary by Respondent. Importantly, Respondent does not present any legal issues for review, does not make any argument, and does not include citations to the appellate record or legal authorities.

At several points in the brief, Respondent purports to ask this Court to "review all parts to this case very carefully[,]" yet it is unclear the particular issues for which Respondent seeks review. Respondent appears to take issue with having had an order of protection entered against him, yet he has not articulated any specific error on the part of the trial court. Rather, what we can glean from the brief is that Respondent asks this Court to review this case as a whole for any errors. However, appellate review generally extends only to those issues presented for review, *see* Tenn. R. App. P. 13, and this omission is not a mere technical violation of Rule 27. *See Owen v. Long Tire, LLC*, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011) ("The requirement of a statement of the issues raised on appeal is no mere technicality."). Indeed, "this Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed." *Id.*; *see also Cartwright v. Jackson Cap. Partners, LP*, 478 S.W.3d 596, 614 (Tenn. Ct. App. 2015) (internal quotations and

---

[2] Respondent's brief is entirely hand-written. Although we have done our best to decipher Respondent's claims, the brief is in many parts unintelligible.

bracketing omitted) ("The Rules of Appellate Procedure do not contemplate that an appellant may submit one blanket issue as to the correctness of the judgment and thereby open the door to argument upon various issues which might affect the correctness of the judgment.").

While we perceive Respondent's failure to present issues for review as the primary deficiency in his principal brief, the other omissions are not insignificant. *See, e.g.*, *Masserano v. Masserano*, No. W2018-01592-COA-R3-CV, 2019 WL 2207476, at \*4–5 (Tenn. Ct. App. May 22, 2019) (husband waived issues on appeal by failing to cite legal authorities); *O'Shields v. City of Memphis*, 545 S.W.3d 436, 443 (Tenn. Ct. App. 2017) (issues waived by failure to cite to the appellate record).

Respondent has substantially failed to comply with Tenn. R. App. P. 27. This failure is so substantial that, notwithstanding his pro se status, it cannot be ignored. Any issues purportedly raised by Respondent are waived, and Respondent's appeal must therefore be dismissed.

## CONCLUSION

Based on the foregoing, the appeal of Nigel M. Reid II is hereby dismissed. Costs of this appeal are taxed to Mr. Reid, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE